UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAMON ANTONIO LOPEZ,<br><br>        Plaintiff,<br>   v.<br><br>HARRY FALCONE, ET AL.,<br><br>        Defendants. | 3:08-cv-1158 (CSH) |

**ORDER ON DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT**

Now pending is Defendants' motion to set aside the default judgment that was entered against them as to liability on October 29, 2010. For the reasons stated herein, Defendants' Motion to Set Aside Default Judgment [Doc. 32] is DENIED.

Procedural History

This case was filed on August 1, 2008. [Doc. 1] Plaintiff Ramon Antonio Lopez, proceeding *pro se* and incarcerated at Northern Correctional Institution in Somers, asserted claims that the thirteen Defendants, who are prison officials and employees, retaliated against him for sending a letter regarding the Michael Ross capital case to Judge Chatigny in 2005.

On February 17, 2009, Assistant Attorney General Terrence O'Neill filed an appearance on behalf of Defendants. [Doc. 14] Over a year later, on April 6, 2010, this Court entered an Order [Doc. 20] pursuant to Rule 41(a) of the Local Rules, stating:

> No activity in this case has been noted on this Court's docket since September 4, 2009, when a settlement conference was held at which no settlement was reached. The defendants have not answered or otherwise responded to the complaint, and the plaintiff has not moved for default. Unless plaintiff moves for some form of relief on or before April 27, 2010, this case shall be dismissed for plaintiff's failure to prosecute.

[Doc. 20 at 1-2] (emphasis in original). On April 26, 2010, Plaintiff timely moved for the entry

of default as to all defendants pursuant to Federal Rule of Civil Procedure 55(a) for failure to plead or otherwise defend [Doc. 21], which was granted on April 29, 2010. [Doc. 22]

On May 4, 2010, Assistant Attorney General Neil Parille filed an appearance on behalf of Defendants [Doc. 23] and filed a Motion for Extension of Time to Plead [Doc. 24], which stated in its entirety:

> The defendants hereby request an extension of time of thirty days (until May 27, 2010) to plead or file a motion to dismiss. The defendants are represented in this case by Assistant Attorney General Terrence O'Neill, who is out of this office this week due to a death in the family.

[Doc. 24 at 1] On May 11, 2010, this Court denied Defendants' Motion for Extension of Time to Plead. [Doc. 26] The Court set forth the following reasons for the denial:

> Given that the answer deadline on record was March 7, 2009 [Docs. 7 - 13], Defendants were in fact requesting an extension *nunc pro tunc* of over a year, not thirty days prospectively as they stated. While the recent death in Attorney O'Neill's family is unfortunate, it does not establish good cause for his failure to properly attend to this case over the preceding year, or explain his failure to act in response to the Court's April 6, 2010 Order flagging Defendants' potential default.
>
> More fundamentally, default had already entered against the Defendants when this motion for an extension of time to plead was filed, so the Court is not at liberty to simply extend the time to plead. **If Defendants wish to obtain leave to file an answer or otherwise defend the case on the merits, they must first convince the Court that good cause exists to set aside the default entry pursuant to Federal Rule of Civil Procedure 55(c). Any such motion by Defendants to vacate or set aside the default must be filed on or before May 29, 2010**, which, as noted above, is the same date that Plaintiff's Rule 55(b) motion for default judgment is due.

[Doc. 26 at 2] (emphasis added). On May 26, 2010, Plaintiff filed a timely Rule 55(b) Motion for Default Judgment against Defendants. [Doc. 28] However, May 29, 2010 came and went without Defendants filing a Motion to Set Aside the Default Entry as they had been directed.

Nor did Defendants file any response or opposition to Plaintiff's Motion for Default Judgment. Five more months passed in which Defendants made no filings in this case and made no attempt to have the default entry set aside or to prevent default judgment from entering. Defendants had still not answered or otherwise responded to Plaintiff's August 1, 2008 Complaint, despite the passage of more than two years. Therefore, on October 29, 2010, default judgment as to liability entered against Defendants [Doc. 29], and the case was referred to Magistrate Judge Margolis for a hearing as to damages [Doc. 30], which was set down for December 16, 2010. [Doc. 31]

On December 1, 2010, more than a month after default judgment had entered, Defendants filed the instant Motion to Set Aside Default Judgment [Doc. 32], along with an Answer to the Complaint. [Doc. 33] The hearing on damages was rescheduled to January 27, 2011 to permit the Court to consider the motion. [Doc. 34]

Standard

Defendants move pursuant to Federal Rule of Civil Procedure 55(c) to set aside the default judgment that was entered against them as to liability on October 29, 2010. Rule 55(c) states that a Rule 55(a) entry of default can be set aside "for good cause." But where, as here, the case has already progressed to the entry of a Rule 55(b) default judgment, Rule 55(c) dictates that the more stringent standard of Rule 60(b) controls when the default judgment can be set aside. Rule 60(b) sets forth the following grounds for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Defendants have not cited Rule 60(b) or explicitly argued the applicability of any of the above provisions. The Court finds that none of these subsections are satisfied.

Discussion

In support of the Motion to Set Aside Default Judgment, Defendants' counsel Terrence O'Neill offers several arguments, which shall be considered in turn.  He contends that "this matter, along with several other pending cases brought by plaintiff, have been the subject of ongoing settlement discussions with Magistrate Judges Fitzsimmons and Garfinkel, all in an effort to negotiate a global resolution of Mr. Lopez's cases." [Doc. 32 at 1]  In fact, the most recent conference with Judge Fitzsimmons was nearly a year and a half ago, on September 4, 2009. [Doc. 32-1, O'Neill Affid., ¶ 3]  As this Court noted in its April 6, 2010 Rule 41(a) notice that this case was in danger of being dismissed for failure to prosecute [Doc. 20], that September 4, 2009 conference before Judge Fitzsimmons did not result in a settlement.

Since then, the docket of this case reflects no referral to Judge Fitzsimmons, Judge Garfinkel, or any other judge for a settlement conference regarding this matter, nor did any party in this case request such a referral.  Nor were there any motions to stay this case or to extend deadlines in this case pending settlement discussions in this or any other case.  Instead, Attorney O'Neill points to an October 4, 2010 settlement conference before Magistrate Judge Garfinkel in another matter involving Plaintiff, captioned *Lopez v. Dzurenda*, 3:08cv161 (SRU). [Doc. 32-1, O'Neill Affid., ¶¶ 2 & 4]   The docket for that case, which is before Judge Underhill, reveals that a settlement was not achieved at that conference. [See Doc. 60 in 3:08cv161]

It is not clear how settlement discussions involving this Plaintiff but a different case entitle Defendants to neglect this case to the point that default judgment enters.  No referral for settlement had been made to Judge Garfinkel in this case, and the docket reflects no attempt by counsel for Defendants to advise this Court of the settlement discussions in the other case or to

stay the proceedings in this matter accordingly.  Thus, counsel for Defendants' reference in support of his motion to set aside the default judgment to "ongoing settlement discussions" [Doc. 32 at 1] is misleading because said settlement conferences were unsuccessfully concluded, not ongoing.  Furthermore, settlement discussions in other cases are irrelevant to Defendants' duty to timely defend this case where those discussions have not been made a part of the record in this matter.

Counsel for Defendants also argues that the default judgment should be set aside because the individual Defendants are not at fault and should not be penalized "for their attorney's confusion of this and the plaintiff's other litigation matter." [Doc. 32 at 4]  Attorney O'Neill also claims that he "erroneously believed that his colleague had assumed responsibility for the file."[1] [Doc. 32-1, O'Neill Affid., ¶ 6]  These are precisely the same reasons that Attorney O'Neill offered to this Court the preceding year, in another motion to set aside a default judgment in another prisoner case, *Hunnicutt v. Dinguis*, 3:07cv1628 (CSH), where Attorney O'Neill claimed that he had "failed to maintain separate files in the two cases" involving the same plaintiff, and had thus confused the cases. [Doc. 76-2 in 3:07cv1628, O'Neill Affid., ¶ 4]  He also claimed in *Hunnicutt v. Dinguis*, as here, that he "assumed the case was being handled by another assistant attorney general." [Doc. 76-2 in 3:07cv1628, O'Neill Affid., ¶ 5]  He further claimed at that time

---

[1] Assistant Attorney General Neil Parille's appearance in this case [Doc. 23] coincided with his filing of a motion for extension of time, which states, "The defendants are represented in this case by Assistant Attorney General Terrence O'Neill, who is out of this office this week due to a death in the family." [Doc. 24]  From this, the Court understood that Mr. Parille was appearing solely for the purpose of filing the motion for extension of time in Mr. O'Neill's absence, not to assume primary responsibility for the case.  However, given that Mr. Parille did not subsequently withdraw his appearance and thus continued as an attorney of record who was receiving electronic notices, as did Mr. O'Neill, of the proceedings in this case, he too bears some responsibility for the neglect of the case.

that "Since this has come to my attention, I have reorganized and addressed such pending issues." [Doc. 76-2 in 3:07cv1628, O'Neill Affid., ¶ 7]  Apparently, that is not the case, because the same problems and excuses have arisen again in the instant case.

In the *Hunnicutt* matter, while admonishing Attorney O'Neill that his "excuses strain credibility" [Doc. 79 in 3:07cv1628], the Court nonetheless afforded Attorney O'Neill the benefit of the doubt and set aside the default judgment out of concern for the rights of the defendants he represented, and in a desire to obtain an outcome on the merits, and because the plaintiff had not been prejudiced.  Attorney O'Neill relies on those same principles in moving to set aside the default judgment in this case as well.

He contends that the default in the instant matter was not "willful" but "inadvertent." [Doc. 32 at 2]  However, there is a point at which neglect of a case becomes so egregious that it cannot be considered as other than intentional.  As recited in the procedural history above, the Court advised the parties on April 6, 2010 that Defendants had failed to answer the complaint and thus stood to be defaulted if Plaintiff so moved.  Defendants still did not answer, Plaintiff moved for default, and Rule 55(a) default was entered.  The Court ordered that any motion to set aside the default entry be made by May 29, 2010, and Defendants failed to file the requisite motion.  Then Defendants failed to oppose Plaintiff's Rule 55(b) motion for default judgment.

Despite these various notices from the Court, it was not until after default judgment had entered and a hearing on damages had been scheduled that Defendants took any action in this case, filing the instant motion to set aside the default along with an answer and stating that they have a "meritorious defense to the case." [Doc. 32 at 3]  This is simply too little, too late.  The courts cannot function if counsel is permitted to essentially ignore a case for more than two years

before finally filing an answer, or to wait until default judgment has been entered against his clients before taking any action to defend the case.

The Court is sympathetic to the large caseloads of assistant attorney generals, but they have a professional duty and obligation to attend to their cases and to move for extensions of time, if necessary, in advance of deadlines, and to sort out among their colleagues who is responsible for what cases, and to keep the various case files separate, and to be sure that the procedural requirements of each case are being met. These are ministerial tasks, but important ones which are essential to due process, and the system cannot operate if counsel for Defendants simply declines to participate. The Court is also sympathetic to the compelling interest of Defendants in ensuring that the allegations against them are decided on the merits and not by default, but it is ultimately the responsibility of their counsel to keep them out of default, and the Court can only provide so many warnings and so much lenience before doing so interferes with Plaintiff's right to a disposition of his claims.

<u>Conclusion</u>

As counsel for Defendants notes, default judgment is a harsh and severe sanction to be used only in extreme situations, of which, for the reasons enumerated at length above, this is one. Defendants' Motion to Set Aside the Default Judgment [Doc. 32] is DENIED. The hearing on damages before Judge Margolis, which has been rescheduled to January 27, 2011, shall go forward.

SO ORDERED.   New Haven, Connecticut; January 14, 2011

                                                   /s/ *Charles S. Haight, Jr.*
                                                   Charles S. Haight, Jr.
                                                   Senior United States District Judge